No. 11,562.

### MAURICE ST. AMANT VS. EUGENE TESSIER.

The plaintiff alleges that the title to property of which he is the owner did not pass to the ostensible adjudicatee; that the amount of the bid was not paid.

The executor by whom the property was sold, many years after the probate proceedings and probate sale, appeared before a notary and acknowledged that the amount of the bid had not been paid.

The written acknowledgment was made the basis of plaintiff's suit.

The court holds that it can not be given force and effect, because it was *ex parte* and because the wrongs declared to have been committed to pass title are not given with particularity as to dates and circumstances, and further that plaintiff's father consented to the sale; that the parties must look to the proceeds and not to the property sold for whatever rights they may have.

APPEAL from the Civil District Court for the Parish of Orleans. *Théard, J.*

---

*A. L. Tissot* and *Gabriel Hernandez* for Plaintiff, Appellant.

---

*Harry L. Edwards* for Defendant, Appellee.

---

The opinion of the court was delivered by

BREAUX, J.    The plaintiff claims real property in the possession of the defendant.

12

The succession of his grandmother was opened in 1874. She left a will in which she acknowledged an indebtedness to her son, the father of the defendant, of one thousand dollars.

He alleges that on the 26th of October, 1892, in the presence of a notary public and two witnesses, the father of the defendant and executor of the grandmother's succession acknowledged that in March, 1874, he caused his dying mother, defendant's grandmother, to make her will and therein declare that she owed him the amount of one thousand dollars.

That she did not in fact owe him that amount, but that he was anxious to become owner of the real property she owned at the time and at her death defeat all claims of plaintiff's father as an heir, who was the half brother of defendant's father.

The father of defendant, Andre Tessier, also declared, in the written acknowledgment, that he applied to Louis Ovide St. Amant, plaintiff's father, and obtained from him his power of attorney authorizing him to sell the property. That he concealed from plaintiff's father and from petitioner the fact that their mother had made a will.

Andre Tessier, testamentary executor of the succession of Helene Escot, the grandmother of plaintiff, sold the property to the defend-· ant by public auction, under an order of the Probate Court, for the sum of seven hundred and fifty dollars, which he acknowledged to have received in cash; the deed evidencing the transfer was duly recorded.

The plaintiff avers that he was not paid any amount by his son, who figures as purchaser; that the transfer was fraudulent, and made in pursuance of an agreement fraudulently entered into between the father and son, and that the latter was only an interposed person.

The defendant tendered the plea of no cause of action, and interposed the plea of prescription.

The plea of prescription, prior to the decision of the court sustaining the last exception filed, had been referred to the merits; it was presented previous to the filing of the exception of no cause of action.

From the decision of the court sustaining the exception of no cause of action the plaintiff prosecutes this appeal.

The jurisdiction of the court that probated the will is not ques-

tioned.   The judgment probating the will has never been reversed, and must be given effect.   With reference to the act of sale establishing the adjudication made of the property, it recites that the required probate order for the sale had been issued.   To the date of sale nothing discloses any irregularity in the proceedings.   The executor, in this notarial act, declares that he has received the price of adjudication.

The father of the defendant, who was the executor, repaired before a notary nineteen years after the adjudication and declared that it was all a simulation, and that he had never received the price.

The petition does not state the date, nor set forth the character of the undue influence, and allegations in the light of the decision from which we quote:

" The supplemental petition will be scrutinized in vain for any allegations to the effect that undue influence was by the defendant exerted upon the testator at the time of making the will."   Zerega vs. Percival, 46 An. 590, 613.

The plaintiff's position that the defendant can not have greater right than his father had would have great force if the case had admitted of averments and evidence under the averments making the former a party to the alleged captation and fraud.

In a matter involving title to immovable property the admissions made and the testimony admissible are not sufficient to set aside the sale even as relates to the adjudicatee, who, though a son, was a third person, and is entitled to the protection the proceedings and the act of sale secures, as between him and the executor.

The plaintiff declares upon the written acknowledgment of the executor made in 1892.   He does not seek to have the property restored to the succession of his grandmother, but alleges that it was the desire of the executor to deliver the property to him as owner, and prays to be declared the sole owner of the property.   These declarations of the executor do not admit of any such relief.   If they were not ex parte and were admissible in evidence they would not establish the right claimed.

It is alleged that the property was sold with the consent of plaintiff's father.   The alleged fact that the executor concealed the existence of the mother's will in obtaining the consent of this heir does not give cause to annul the sale.   The sale remains unaffected by the allegations if true.

It is not alleged that concealing the existence of the will had aught to do with obtaining the power of attorney which gave authority to represent the absent heir (plaintiff's father). The instrument of writing of October, 1892, can not have the effect plaintiff contends it has. Granted, all the facts it recites, it does not include the defendant within its terms in such a manner as to affect the property which he bought many years ago and for which he paid the executor at the time.

We think there is no error in the judgment.

It is therefore ordered, adjudged and decreed that the judgment appealed from is affirmed at appellant's costs.